

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 9230 | DATE | 2/18/2004 |
| CASE TITLE | Mr. FRANK D. OUTLEY, etc., vs. EX-WIFE MRS. SYLVIA OUTLEY, etc., | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion And Order. Plaintiff's petition to proceed in forma pauperis and motion for appointment of counsel are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 19 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 5 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MR. FRANK D. OUTLEY, etc., )
)
Plaintiff, )
)
vs. ) No. 03 C 9230
)
EX-WIFE MRS. SYLVIA OUTLEY, etc., )
)
Defendant. )

DOCKETED
FEB 19 2004

MEMORANDUM OPINION AND ORDER

Plaintiff Frank Outley brought this action against his ex-wife, Sylvia Outley. In his civil cover sheet plaintiff states that his cause of action is conspiracy, and conspiracy to commit conspiracy. Along with his complaint, plaintiff filed a petition to proceed *in forma pauperis* and a motion for appointment of counsel. For the following reasons, both plaintiff's petition and motion are denied.

Pursuant to 28 U.S.C. § 1915(a) we may authorize plaintiff to proceed *in forma pauperis* if he demonstrates an inability to pay the required costs and fees. In his affidavit, plaintiff states that he has been unemployed for two and-a-half years; that his only income is $552 a month from social security; and that he has no assets. He has shown his inability to pay court costs.

Our inquiry does not end there, however. As part of the initial review of a petition to proceed *in forma pauperis*, we analyze the claims and dismiss the complaint if we determine that the action is frivolous or malicious, it fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2)(B)(i)-(iii); <u>Alston v Debruyn</u>, 13 F.3d 1036, 1039 (7th Cir. 1994). We review the claim using the same standard as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). <u>Zimmerman v. Tribble</u>, 226 F.3d 568, 571 (7th Cir. 2000). Pursuant to that rule we dismiss a claim only if it appears beyond a doubt that there exist no facts to support the allegations. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Complaints by *pro se* parties should "be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers." <u>McCormick v. City of Chicago</u>, 230 F.3d 319, 325 (7th Cir. 2000).

Though a *pro se* party is not held to stringent standards, his complaint must state an intelligible claim. After reviewing the plaintiff's twenty-four page handwritten complaint, we are unable to determine the plaintiff's allegations. The complaint is packed with names, numbers, addresses, phrases, circles and arrows, none of which makes clear the nature of the plaintiff's action. The complaint fails to provide defendant with notice of plaintiff's allegations, thus making it impossible to draft an effective response. Since plaintiff's complaint does not state a claim upon which relief may be granted, his petition to proceed *in forma pauperis* and his motion for appointment of counsel are denied.

## CONCLUSION

For the foregoing reasons plaintiff's petition to proceed *in forma pauperis* and motion for appointment of counsel are denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 18, 2004.